UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHOENIX TRADING, INC., dba AMERCARE PRODUCTS, INC., a Washington corporation; WENDY HEMMING, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEVEN L. KAYSER, an individual; LOOPS LLC, a Delaware limited liability corporation, LOOPS FLEXBRUSH LLC, a Delaware limited liability corporation,<br><br>    Defendants. | NO.<br><br>NOTICE OF REMOVAL |

TO: THE CLERK OF THE COURT
    UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Defendants Steven L. Kayser, Loops LLC, and Loops Flexbrush LLC, by their undersigned attorneys, state:

1. The above-captioned action was filed on February 18, 2010, and is pending in the Superior Court of the State of Washington for Whatcom County, under Cause No. 10-2-00450-1. Defendants were served with process on February 18, 2010.

NOTICE OF REMOVAL - 1
5270234

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

2. On April 9, 2010, a hearing on defendants' motion to dismiss or to stay proceedings was held in Whatcom County. On that date, the Honorable Steven J. Mura entered an oral order staying proceedings. Plaintiffs also obtained leave to file an amended complaint.

3. On May 18, 2010, the Honorable Steven J. Mura entered a written order on the stay of proceedings, and set a deadline of May 21, 2010, for plaintiffs to file their amended complaint.

4. On May 21, 2010, plaintiffs Phoenix Trading, Inc. dba Amercare Products and Wendy Hemming filed and served their Amended Complaint for Money Damages. A true and correct copy of the Amended Complaint is attached to this Notice as Exhibit A. In the Amended Complaint, plaintiffs added a new cause of action for alleged civil liability for false or fraudulent registration of trademarks under 15 U.S.C. § 1120 (Amended Complaint at 11-12).

5. Plaintiffs' Amended Complaint for Money Damages alleges, among other things, that defendants procured, through material, false and fraudulent representations to the United States Patent and Trademark Office, successful applications for one patent and two trademarks. Plaintiffs further allege that they are entitled to monetary damages as a result of defendants' patent and trademark applications. *See* Amended Complaint for Money Damages, ¶¶ 12, 13, 14, 15, 16, 17, 18, 19, 37, 38, 39, and 40. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of the Amended Complaint for Money Damages.

7. The above-captioned action may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court is a district court of the United States for the district and division

NOTICE OF REMOVAL - 2
5270234

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

| | |
|---|---|
| 1 | |

embracing the place where the state court action is pending, and is therefore the appropriate Court for removal pursuant to 28 U.S.C. § 1441.

8. This Court has jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

DATED this 4th day of June, 2010.

                LEE SMART, P.S., INC.

By: *[signature: William R. Kiendl]*
Gregory P. Turner, WSBA No. 20085
gpt@leesmart.com
William R. Kiendl, WSBA No. 23169
wrk@leesmart.com
Of Attorneys for Defendants
Steven L. Kayser, Loops LLC, and Loops Flexbrush LLC

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury of the laws of the State of Washington that, on the below date, I caused service via Federal Express of a true and correct copy of the foregoing document on the following counsel of record:

Brooks Cooper
Law Office of Brooks Cooper
520 SW Sixth Avenue, Suite 914
Portland, OR 97204
brooks@bcooper-law.com

DATED this 4th day of June, 2010, at Seattle, Washington.

*[signature]*
William R. Kiendl

NOTICE OF REMOVAL - 3
5270234

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# Exhibit A
## to the Kayser Defendants' Notice of Removal

Honorable Steven J. Mura

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR WHATCOM COUNTY

| | |
|---|---|
| PHOENIX TRADING, INC., dba AMERCARE PRODUCTS, INC., a Washington corporation; WENDY HEMMING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN L. KAYSER, an individual; LOOPS LLC., a Delaware limited liability corporation, LOOPS FLEXBRUSH LLC., a Delaware limited liability corporation,<br><br>Defendants. | Case No. 10-2-00450-1<br><br>**AMENDED COMPLAINT**<br>For Money Damages<br>(Defamation per se; Defamation; Trademark Fraud - 15 U.S.C. § 1120)<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs amend their complaint, allege as follows, and request a jury trial on all issues so triable:

### PARTIES

1. Plaintiff Phoenix Trading, Inc., dba Amercare Products, Inc. ("Amercare") is a duly authorized Washington corporation with its principal place of business in King County, Washington. Amercare is engaged in the importation and sales of, among other things, hygiene and toiletry items to prisons and other similar institutions throughout the United States.

2. Plaintiff Wendy Hemming ("Hemming") is an individual, and is majority owner and

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 1

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

05/21/2010 FRI 13:05  [TX/RX NO 7536] ☒001

president of Amercare. Hemming is a resident of King County, Washington.

3. Defendant Steven L. Kayser ("Kayser") is an individual, who resides in the state of Washington at 7152 Everett Rd., Ferndale, Whatcom County, Washington, 98248. Kayser is currently the president and manager of Loops, LLC and held that position at all times material to this action. Loops LLC and Loops Flexbrush LLC are Delaware limited liability companies.

4. Defendant Loops, LLC is the listed owner of United States Trademarks with Registration Numbers 3,430,304 and 3,430,305 (collectively, "Trademarks"). Loops LLC's physical address is 7152 Everett Rd., Ferndale, Whatcom County, Washington, 98248. Its mailing address is P. O. Box 2936, Ferndale, WA 98248.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Whatcom County Superior Court, state of Washington because a substantial portion of defendants' acts and conduct occurred within Whatcom County. This Court has subject matter jurisdiction over the parties and this action pursuant to RCW 2.08.010.

6. Venue in this action is proper in this Court under RCW 4.12.025(1) because an action may be brought in any county in which the defendant resides, or, in the case of multiple defendants, in any county where some of the defendants reside at the time of the commencement of the action. Venue in this action is proper in this Court under RCW 4.12.025(3) because venue of any action against a corporation shall be in the county where the corporation has its residence.

## FACTS

7. Plaintiffs reallege paragraphs 1 through 6, and further allege:

**Defamation**

8. Beginning in or about 2007, defendants made verbal representations, and sent written communications to various parties within the city and state of New York, including the city of New York Department of Investigations, Matt Befort, Tara Benn, city of New York Department of

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 2

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

Citywide Administrative Services, Arlene Kelly, Martha Hirst, Ilene Lees, Laurie Kaye, Virgina Ross, Ken Liebowitz, New York City Department of Corrections, Ken Pezzuti, Victoria Nugent, Gennaro Agovino, Olympia Siegel, Mario Crescenzo, Jr., Michael R. Bloomberg (Mayor), the New York City Comptroller's Office, William Thompson, Jr. (New York City Comptroller, John Graham (Deputy Comptroller),The New York Times, Diane Cardwell (reporter in the New York Times), and Wald Bogdanich, (reporter for the New York Times), (hereinafter "New York third parties"), and/or to third parties and entities located in other states, and otherwise published the statements.

9. Defendants made the following demonstrably false and defamatory statements:

a. On August 15, 2007 and various times thereafter, defendants claimed that plaintiffs had obtained products manufactured by defendants, altered those products by shaving or cutting defendants' trademarks off of the products, and then labeled the packages of those products as having been manufactured by plaintiffs, thereby falsely representing to third parties that the altered product was a product manufactured by plaintiffs. These statements included the following:

> "Amercare took our LOOPS FLEXBRUSH® toothbrush, filed off our registered trademark "LOOPS FLEXBRUSH®," and submitted it with their label on the package. *** Amercare and its owner defrauded NYC, the Department of Corrections, and our company by submitting altered toothbrushes they obtained from our company and represented the toothbrushes were their own product in order to meet the Bid specifications. Amercare falsely represented that the samples they submitted were their own brand-named toothbrush."

***

> "Specifically, Amercare took our toothbrushes, removed the registered trademark "LOOPS FLEXBRUSH®" from both the toothbrush and the packaging, removed our specifically labeled packaging that stated "patent pending," put four of our altered LOOPS FLEXBRUSH® toothbrushes into new, unprinted packages that also look like our packages, put their label sticker on each package with their own "Amerfresh" brand name, printed their package sticker with our altered trademark as "Flexible Handle Toothbrush," sent their four samples of our altered LOOPS FLEXBRUSH® toothbrush and packaging to NYC and the Department of Corrections, and won the Bid and the Contract."

A week later, on August 28, 2007 defendants through their attorneys wrote to an agency of the

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 3

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

city of New York:

> "Our client inspected actual samples provided by Amercare Products, Inc., as part of its bid package, on August 15, 2007 in New York. After review and inspection, our client discovered that Amercare Products, Inc. had actually submitted Loops Flexbrush toothbrushes as part of its bid package. Amercare had removed the Loops Flexbrush trademark, re-packaged the toothbrushes with its own packaging, and put its label on the packages."

On September 12, 2007 defendants through their attorneys wrote to an agency of the city of New York:

> "Moreover, Amercare Products, Inc. submitted the Loops Flexbrush® toothbrush samples to your purchasing agency after filing off Loops' registered trademark and repackaging the Loops Flexbrush with Amercare's brand name on a label on the packaging, essentially palming off the Loops Flexbrush toothbrush as Amercare's own toothbrush."

Defendants' statements were demonstrably false. Defendants later admitted to plaintiffs and others that these statements were false.

    b.    On February 18, 2008 defendants wrote to New York City mayor Michael Bloomberg, Stu Loeser, and Daniel Castleman, and represented that certain toothbrushes imported and sold by plaintiffs contained dangerous and/or toxic levels of lead and other heavy metals, and that the toothbrushes were therefore dangerous for use. Specifically, defendants wrote that the toothbrushes were "laden with lead and heavy metals," and "containing excessive amounts of lead and heavy metals." Defendants also stated that providing the Amercare toothbrush was "feeding lead and heavy metals to NYC - DOC inmates." These statements are demonstrably false, and known by defendants to be false when made. In or about December, 2007, two months before defendants made these statements, defendants retained Intertek testing laboratory to test the accused toothbrushes for lead and heavy metals. The test report, issued December 14, 2007 stated that the toothbrush tested "does comply" with EPA 3052 analysis for heavy metals. The report concluded that "when tested as specified, the submitted sample **does comply with the requirements of 16 CFR 1303 and ASTM F963-07** for lead and other heavy metals." (Bold in original.)

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 4

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

c. At various times before February 26, 2008 defendants stated that toothbrushes imported and sold by plaintiffs were "infringing" and/or "infringed a patent" held by defendants pertaining to its toothbrushes. These statements were demonstrably false. At the time these defamatory statements were made, defendants did not hold a patent on the toothbrush at issue, but instead only had a patent pending. Defendants' patent did not issue until February 26, 2008, and it had no patent to infringe until that date.

d. On August 20, 2007 and various other times, defendants stated that plaintiffs were "counterfeiting" defendants marks, and producing "counterfeit" products that infringed defendants' registered word marks. As defined by 15 U.S.C. §1127, a "counterfeit" is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark; and a "mark" is any trademark, service mark, collective mark, or certification mark. At all times, plaintiffs sold their toothbrush under the mark of "Amercare," "Amerfresh," "TB-38-S," and/or "AM # TB-38-425-SH-BLUE." and defendants' toothbrush was sold and marketed under the mark of "Loops," "Loops Flexbrush" and/or "FBM02." Plaintiffs' marks were not identical with, or substantially indistinguishable from defendants' marks, but were instead entirely distinguishable. Defendants' representations that plaintiffs were selling toothbrushes with "counterfeit" marks are demonstrably false.

e. At various times, defendants have stated that plaintiffs "misappropriated" intellectual property "and other property" from defendants. There is no colorable argument that plaintiffs have misappropriated any property that does not fall within the classification of "intellectual property." Defendants' statement is, therefore, provably false.

f. At various times, defendants have stated that plaintiffs infringed and/or counterfeited its intellectual property associated with its "Floss Loops" dental floss product. That statement is provably false.

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 5

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

g. At various times, defendants have stated that plaintiffs infringed and/or counterfeited its intellectual property associated with its 3 inch Loops Flexbrush product. That statement is provably false.

h. At various times, defendants have stated that plaintiffs infringed an/or counterfeited its intellectual property associated with its toothbrush holder. That statement is provably false.

i. At various times, defendants have stated that plaintiffs sold their Amercare Amerfresh flexible handle toothbrush to parties throughout the United States, and to persons other than New York City DCAS and/or DOC after defendants' patents issued. Those statements are provably false.

j. At various times, defendants have stated that plaintiffs intended to deceive, and did deceive the New York City DCAS and/or DOC regarding the origin, manufacturer, and/or source of Amercare's Amerfresh flexible handled toothbrushes. Defendants later admitted under oath that its statements were false, yet have taken no action to retract these false statements.

k. At various times, defendants have stated that Hemming's and/or Amercare's "business model" is based on the widespread trafficking in counterfeit and infringing goods and products, "dumping" them into the market on "unsuspecting consumers", and getting them past "unsuspecting" FDA and Customs officials as a way to harm consumers and competitors. Defendants' statements are demonstrably false.

l. At various times, defendants have stated that as part of, and in furtherance of Hemming's and Amercare's purported "business model" described in paragraph "k," above, plaintiff Hemming owns and controls "concealed businesses, ventures, companies and entities" that have been created for the purposes of manufacturing and importing counterfeit and other products into the United States. These statements are provably false.

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 6

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax  503 296-5704

05/21/2010 FRI 13:05  [TX/RX NO 7536] ☒006

m. At various times, defendants have stated that plaintiffs "traffic" in counterfeit goods throughout the United States. Defendants' statements are provably false.

10. As a direct and proximate result of defendants' conduct, plaintiffs have been injured in their reputation, business relationships, and financially.

11. Plaintiffs first discovered the above facts and tortious conduct on or after or about January 14, 2009.

**Fraudulently obtained trademarks at issue**
**Trademark Reg. Nos. 3,430,304 and 3,430,305.**

12. On September 4, 2007 Loops, through its owner and president Kayser, filed and began prosecuting applications with the United States Patent and Trademark Office ("USPTO") that later resulted in the issuance of U.S. trademarks with registration numbers 3,430,304 and 3,430,305. These trademarks applied to trade dress associated with the Loops Flexbrush flexible handled toothbrush ("Flexbrush").

13. In connection with the filing and prosecution of the 3,430,304 application, Kayser signed a sworn declaration that read as follows:

DECLARATION

The undersigned, being hereby warned that willful false statements and the like are punishable by fine or in prison, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he is properly authorized to execute this document on behalf of the owner; and all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

Loops, LLC
a Delaware Limited Liability Company

Date: 9-4-2007         By: [signature]
                       Name: Steven L. Kayser
                       Title: President

14. In connection with the filing and prosecution of the 3,430,305 application, Kayser signed a sworn declaration that read as follows:

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 7

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

#### DECLARATION

1  The undersigned, being hereby warned that willful false statements and the like are punishable by fine or in
2  prison, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of
   this document, declares that he is properly authorized to execute this document on behalf of the owner; and all
3  statements made of his own knowledge are true and that all statements made on information and belief are believed to be
   true.
4
                                        Loops, LLC
5                                       a Delaware Limited Liability Company
   Date:  9-4-2009              By:  _____/s/ Steven L. Kayser_____
6                                       Name: Steven L. Kayser
                                        Title: President
7

8    15.   During the prosecution of the '304 and '305 trademark applications, Kayser and

9  Loops represented to the USPTO's trademark office that the elements of trade dress for which

10 trademark protection was sought were aesthetic, non-functional elements of the toothbrush at issue.

11   16.   Concurrent with the submission and prosecution of the '304 and '305 trademark

12 applications, and sworn declarations and statements of Steven Kayser to the USPTO, Kayser also

13 prosecuted an application for the 7,334,286 patent that also applied to the Loops Flexbrush

14 toothbrush. In the '286 patent application, Kayser represented to the USPTO's patent examiner that

15 the same alleged trade dress elements of the Flexbrush at issue in the trademark applications were

16 important functional elements of the device, and that the function and utility of these elements

17 separately and in combination comprised claims that warranted issuance of a utility patent. Upon

18 information and belief, the patent office was never informed by defendants of the contrary and

19 duplicitous representations made to the trademark office, and the trademark office was never

20 informed by defendants of the contrary and duplicitous representations made to the patent office.

21   17.   Kayser, acting individually and on behalf of Loops, LLC made material, false, and

22 fraudulent representations to the USPTO about the nature and character of the alleged trade dress

23 elements of Flexbrush with respect to the '304 and '305 trademark applications. Specifically, Kayser

24 and Loops represented to the USPTO's trademark examiner that the design and trade dress elements

25 were aesthetic and non-functional, while concurrently representing to the USPTO's patent examiner

AMENDED COMPLAINT                       LAW OFFICE OF BROOKS COOPER
(Defamation per se, Defamation, Trademark Fraud)   520 SW Sixth Ave., Ste. 914
May 20, 2010                                       Portland, OR 97204
                                                   Phone 971-645-4433
Page 8                                             Fax 503 296-5704

05/21/2010 FRI 13:05  [TX/RX NO 7536]  @008

that the same elements were functional, patentable elements of the device.

18. On February 26, 2008, based in substantial part and in reliance on representations made by Kayser to the USPTO patent office, United States patent 7,334,286 patent was granted to Steven L. Kayser, who later assigned it to defendant Loops, LLC. The issued '286 patent contained specific descriptions and claims that the design and physical configuration of the Flexbrush (also claimed as trade dress in the '304 and '305 patent applications) were important, patentable functional elements of the device.

19. On July 18, 2008, based in substantial part and in reliance on representations made by defendants to the USPTO's trademark office, trademarks with registration numbers 3,430,304 and 3,430,305 issued, affording trademark protection for the allegedly non-functional trade dress of the Loops Flexbrush.

### Asserted against Plaintiff causing damages

20. In April, 2007 plaintiff was successful bidder in a bid solicitation by the City of New York, Department of Citywide Administrative Serves (NY-DCAS), and contracted to sell flexible handled toothbrushes to the NY-DCAS. Beginning in or about April, 2007 defendants began asserting the fraudulently obtained '304 and '305 trademarks against plaintiff. Defendants contacted New York City (NYC), and its various agencies. During these contacts, defendants represented that plaintiff had infringed, and was infringing its '304 and '305 trademarks, and based in substantial part on that claim, requested that the NY-DCAS cancel plaintiff's contract with NYC.

21. Based in substantial part on defendants' assertion of its fraudulently obtained trade dress protection, the NY-DCAS discontinued ordering Amercare Amerfresh flexible handled toothbrushes from Amercare.

22. On July 11, 2008 defendant Loops, acting at the direction of its president and manager Steven L. Kayser, filed a lawsuit for money damages and injunctive relief against plaintiff and others

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 9

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

05/21/2010 FRI 13:05 [TX/RX NO 7536] ☒009

1  in the United States District Court, Western District of Washington, entitled *Loops, LLC et al. v.*
2  *Phoenix Trading, Inc., et al*, 2:08-cv-1064 RSM ("Lawsuit"). In the Lawsuit, defendants claimed,
3  among other things, infringement of the fraudulently-obtained '304 and '305 patents, and sought
4  significant damages from plaintiffs.

5      23.     Plaintiffs manufacture and sell a substantial number of toothbrushes to the prison
6  market throughout the United States. As a result of defendants' assertion of its fraudulently obtained
7  trade dress protections, plaintiffs have been precluded from manufacturing, designing, importing,
8  and/or selling any toothbrushes that incorporate any of the features allegedly protected by the
9  fraudulently obtained trade dress. This includes features such as a dot relief or raised pattern on the
10 handle designed to prevent slippage, any toothbrush with a general shape that is similar to that
11 allegedly protected by the fraudulently obtained trade dress, including a toothbrush with a "waist"
12 that is slimmer in the middle than at the proximal ends of the toothbrush, and several of the other
13 features claimed as protected in the '304 and '305 trade dress registrations.

14     24.     As a direct and foreseeable consequence of defendants' acts alleged above, plaintiffs
15 have suffered substantial financial loss.

**FIRST CLAIM FOR RELIEF**

(Defamation Per Se)

25.  Plaintiffs reallege paragraphs 1 through 11, and further allege:

26.  The defamatory statements made by defendants were provably false, and not subject to any privilege or immunity under law.

27.  Defendants made the above defamatory statements intentionally, and while knowing they were false, and/or defendants failed to correct the statements after learning of their falsity.

28.  The defamatory statements exposed plaintiffs to the loss of public confidence; injured and continues to injure plaintiffs in their business, trade, or profession; and/or imputed criminal

---

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 10

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

1 | conduct by plaintiffs involving moral turpitude and are defamatory per se.

2 | 29. At the time made, the defamatory statements violated the former Washington criminal
3 | prohibition found at RCW 9.58.010, and were defamatory per se.

4 | 30. As a direct and proximate result of defendants' conduct, plaintiffs have suffered loss,
5 | damages, and injury, are entitled to monetary damages.

### SECOND CLAIM FOR RELIEF

#### Defamation

9 | 31. Plaintiffs reallege paragraphs 1 through 11, and further allege:

10 | 32. The defamatory statements made by defendants were provably false, and not subject
11 | to any privilege or immunity under law.

12 | 33. Defendants made the above defamatory statements intentionally, with reckless
13 | disregard for the truth, or negligently.

14 | 34. The defamatory statements exposed plaintiffs to the loss of public confidence; injured
16 | and continues to injure plaintiffs in their business, trade, or profession; and/or imputed criminal
17 | conduct by plaintiffs involving moral turpitude.

18 | 35. As a direct and proximate result of defendants' conduct, plaintiffs have suffered loss,
19 | damages, and injury, are entitled to monetary damages.

### THIRD CLAIM FOR RELIEF

**(15 USC §1120. Civil liability for false or fraudulent registration)**
**(Against Steven L. Kayser, individually, and Loops, LLC)**

23 | 36. Plaintiff realleges paragraphs 1 through 20, and further alleges:

24 | 37. 15 USC §1120 provides that:

> "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 11

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

38. Defendants obtained registration of either or both of the '304 and '305 trademarks through false or fraudulent means. This included representing to the USPTO trademark office that the alleged trade dress to be protected for the Flexbrush was non-functional and subject to trademark registration, while concurrently representing to the USPTO patent office that the same aspects of the Flexbrush were important functional elements subject to protection through a utility patent.

39. Defendants' false and fraudulent means further include its failure to inform the USPTO's trademark office -- after the U.S. patent number 7,334,286 issued on February 26, 2008, and during the time the '304 and '305 trademark applications were still pending -- that the allegedly non-functional trade dress claimed in the '304 and '305 applications had recently been granted protection as functional design elements of the Flexbrush through United States patent number 7,334,286.

40. As a direct and proximate result of defendants' conduct, plaintiffs have suffered loss, damages, and injury, are entitled to monetary damages.

### REQUEST FOR RELIEF

Plaintiffs request that judgment be entered against defendants, and each of them jointly and severally as follows:

**FIRST AND SECOND CLAIMS FOR RELIEF**

a. Money damages to plaintiff in an amount to be determined by the jury, but not to exceed $250,000.00;

b. Plaintiffs' costs and expenses necessary to bring this action;

c. All other recoverable costs and fees.

**THIRD CLAIM FOR RELIEF**

a. Money damages to plaintiff in an amount to be determined by the jury, but not to exceed $150,000.00;

AMENDED COMPLAINT
(Defamation per se, Defamation, Trademark Fraud)
May 20, 2010

Page 12

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704

05/21/2010 FRI 13:05 [TX/RX NO 7536] @012

1      b.     Plaintiffs' costs and expenses necessary to bring this action;

2      c.     All other recoverable costs and fees.

3  **DATED:** May 20, 2010.

4                                                   LAW OFFICE OF BROOKS COOPER

*[signature]*

Brooks Cooper
Attorney for Plaintiffs
WSBA #32460
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704
Email: brooks@bcooper-law.com

AMENDED COMPLAINT                                 LAW OFFICE OF BROOKS COOPER
(Defamation per se, Defamation, Trademark Fraud)      520 SW Sixth Ave., Ste. 914
May 20, 2010                                         Portland, OR 97204
                                                     Phone 971-645-4433
Page 13                                              Fax 503 296-5704

05/21/2010 FRI 13:05 [TX/RX NO 7536] @013

# CERTIFICATE OF SERVICE

I, Brooks F. Cooper, hereby certify that on May 21, 2010, I served a true and correct copy of the PLAINTIFFS' AMENDED COMPLAINT on the following persons by US Mail and facsimile at the postal address and facsimile number listed below:

William R. Kiendl
Lee Smart PS, Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101
206.624.5944

**DATED:** May 21, 2010.

LAW OFFICE OF BROOKS COOPER

_____
Brooks Cooper
Attorney for Plaintiffs
WSBA #32460
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503 296-5704
Email: brooks@bcooper-law.com

CERTIFICATE OF SERVICE
Case No. 10-2-00450-1

LAW OFFICE OF BROOKS COOPER
520 SW Sixth Ave., Ste. 914
Portland, OR 97204
Phone 971-645-4433
Fax 503-296-5704

Page 1

05/21/2010 FRI 13:05   [TX/RX NO 7536]   ☑014