UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHOENIX TRADING, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STEVEN L. KAYSER, et al.,<br><br>　　　　Defendants. | CASE NO. C10-0920JLR<br><br>ORDER GRANTING MOTION TO CONTINUE MOTION |

This matter comes before the court on Defendants' Federal Rule of Civil Procedure 56(f) motion to continue (Dkt. # 22) Plaintiffs' motion for partial summary judgment (Dkt. # 18). Having considered Defendants' motion to continue, all papers filed in support and opposition to the motion, as well as the pleadings on file, and having deemed oral argument to be unnecessary, the court GRANTS Defendants' motion to continue (Dkt. # 22), and ORDERS the clerk to strike Plaintiffs' motion for summary judgment (Dkt. # 18), without prejudice for Plaintiffs to re-file it no earlier than Thursday, February 17, 2011, for noting on Friday, March 12, 2011.

ORDER- 1

1    This action was removed to federal court on June 4, 2010.  (Not. of Removal (Dkt. # 1).)  On July 17, 2010, the court entered an order setting a September 14, 2010 deadline for initial disclosures.  (Order (Dkt. # 11).)  Just six days later, on September 20, 2010, Plaintiffs filed their motion for partial summary judgment.  (S.J. Mot. (Dkt. # 18).)  On October 6, 2010, Defendants served discovery upon Plaintiffs, including requests for the production of documents and deposition notices.  (Mot. (Dkt. # 22) at 1.)  The discovery cut-off in this matter is not until June 13, 2011.  (Min. Order (Dkt. # 24) at 1.)

Former Federal Rule of Civil Procedure 56(f) states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f) (effective until December 1, 2010).[1]  Defendants assert that they are entitled to take certain discovery prior to responding to Plaintiffs' motion for summary judgment.  (Mot. at 1.)  Defendants have made an adequate showing pursuant to the former Federal Rule of Civil Procedure 56(f) with regard to the discovery they seek prior to responding to Plaintiffs' motion for partial summary judgment.  (*See* Mot.; Steele

---

[1] On December 1, 2010, Federal Rule of Civil Procedure 56 was amended.  The new Rule states in pertinent part: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Because Defendants' motion was filed prior to the effective date of the amendment, it is properly considered under the former Rule 56(f).  Nevertheless, the result would be the same under either the former or the newly amended rule.

ORDER- 2

1  Decl. (Dkt. # 23).)  Indeed, Plaintiffs have acknowledged that Defendants "are entitled to
2  conduct [discovery]."  (Resp. (Dkt. # 27) at 2.)
3       Defendants, however, have made conflicting requests with regard to the relief they
4  seek.  They have requested both a ninety day continuance of the pending motion for
5  partial summary judgment, as well as the imposition of a joint briefing schedule that
6  would allow their anticipated motion for summary judgment to be heard jointly with
7  Defendants' motion following the close of discovery.  (Mot. at 1.)  The court GRANTS
8  Defendants' motion for a Rule 56(f) continuance (Dkt. # 22) of Plaintiffs' motion for
9  partial summary judgment, and DIRECTS the clerk to strike Plaintiffs' motion for partial
10 summary judgment (Dkt. # 18).  The court further ORDERS that Plaintiffs may, without
11 prejudice, re-file their motion for partial summary judgment no earlier than Thursday,
12 February 17, 2011, with a noting date of Friday, March 12, 2011.  This should provide
13 Defendants sufficient opportunity to complete the discovery they require prior to
14 responding to Plaintiffs' motion for partial summary judgment.  Defendants have failed
15 to demonstrate the need to delay the hearing of Plaintiffs' motion until following the
16 close of discovery on June 13, 2011, and therefore the court DENIES this request.
17      Dated this 3rd day of January, 2011.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 3